IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ICYNENE CORP., | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NEXT GENERATION | : | |
| INSULATION, LLC, *et al.*, | : | No. 20-0326 |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                                                                                                                                            MAY 6, 2020

A purchase agreement between Icynene Corp. and Next Generation Insulation Company went awry.[1] This litigation followed.

According to Icynene Corp., after it sold insulation products to Next Generation, Next Generation failed to pay for those goods. Both Next Generation and Kirby H. Slack, who is alleged to be the sole member and manager of Next Generation, move to dismiss the complaint in part, principally the conversion claim brought against Mr. Slack, and the quasi-contract/unjust enrichment, quantum meruit, and account stated claims asserted against Next Generation.[2]

As explained in this Memorandum, the Court grants in part, denies in part, and moots in part the motion to dismiss.

### BACKGROUND[3]

Icynene Corp. is a Houston-based manufacturer and supplier of spray polyurethane foam insulation, reflective roof coating, and related equipment. Next Generation is a contractor that

---

[1] Next Generation represents that its proper name is Next Generation Insulation Company.
[2] Both Defendants will be collectively referred to as "Next Generation" in this Memorandum.
[3] The following summary is based on the allegations in the complaint, which the Court assumes to be true for purposes of the motion to dismiss.

1

sells and applies foam insulation. Icynene Corp. and Next Generation entered into a dealer/supply agreement in 2012, for the purchase of spray foam insulation by Next Generation from Icynene Corp. Mr. Slack is not himself a party to the underlying contract.

Pursuant to the contract, after Next Generation placed a series of product orders with Icynene Corp., Icynene Corp. alleges that it sold and transmitted insulation products to Next Generation, which Next Generation then used, resold, and/or installed for its customers. Icynene Corp. also avers that Next Generation failed to make payments for the goods, amounting to $113,530.32 in overdue payments. Icynene Corp. claims that Mr. Slack has recovered and continues to recover Next Generation's account receivables emanating from its installations of the products at issue, keeping the proceeds for his own use and benefit without remitting payments to Icynene Corp for the products.

Icynene Corp. asserts claims for breach of contract (Count I), account stated (Count II), book account (Count III), quantum meruit (Count IV), and quasi-contract/unjust enrichment (Count V) against Next Generation, as well as a claim for conversion (Count VI) against Mr. Slack.

## LEGAL STANDARD

As is well-documented, a Rule 12(b)(6) motion to dismiss, such as the motion presented to the Court here, tests the sufficiency of a complaint. While Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "to give the defendant fair notice of what the claim is and the grounds upon which it rests," the plaintiff must provide "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, to survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. The Court assumes that the allegations in the complaint and all reasonable inferences emanating from the allegations are true, viewing those facts and inferences in the light most favorable to the non-moving party. *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). That admonition does not demand that the Court ignore or even discount reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## DISCUSSION[4]

### I. The Conversion Claim

Next Generation argues that the conversion fails because Icynene Corp. has no right to possess the funds it seeks. According to Next Generation, "[n]o claim for conversion can lie against Mr. Slack because Icynene [Corp.] did not have a right to possession of the money at the time that he received any alleged payments from Next Generation." Def.'s Mot., p. 5. It further contends that a conversion claim here must fail because a failure to pay debt, as a matter of law, does not amount to conversion. Next Generation also claims the gist of the action doctrine bars the conversion claim. It is no surprise that Icynene Corp. disagrees.

---

[4] The parties do not dispute, and the Court agrees, that Pennsylvania law applies to the four causes of action Next Generation seeks to dismiss.

Because Icynene Corp. has failed to adequately plead as a necessary technical matter that it has a cognizable property interest to assert a conversion claim, this claim will be dismissed.

"Conversion is the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification." *Francis J. Bernhardt, III, P.C. v. Needleman*, 705 A.2d 875, 878 (Pa. Super. Ct. 1997) (citing *Shonberger v. Oswell,* 530 A.2d 112, 114 (Pa. Super. 1987) (citing *Stevenson v. Economy Bank of Ambridge,* 197 A.2d 721, 726 (Pa. 1964))). "Courts do not require the actor to have specific intent, rather any intent to assert domain or control over the chattel that is inconsistent with the owner's right is sufficient." *Novacare, Inc. v. S. Health Mgmt. Inc.*, No. 97-5903, 1998 WL 470142, at *2 (E.D. Pa. Aug. 11, 1998) (citation omitted). While "[m]oney may be the subject of conversion[,]" *Needleman*, 705 A.2d at 878, the money "must belong to the plaintiff before it can be converted." *NovaCare, Inc.*, 1998 WL 470142, at *2. "[F]ailure to pay a debt is not conversion." *Needleman*, 705 A.2d at 878. "'[T]he right to payment of money under a contractual agreement does not constitute a property interest for purposes of conversion.' . . . Thus, money may be the subject of conversion only 'if the plaintiff had a property right to the money, not merely a right based upon a contract.'" *SunDance Rehab. Corp. v. Kingston SNF, LLC*, No. 12-01162, 2014 WL 12648453, at *11 (M.D. Pa. Feb. 28, 2014).

As to the issue of whether Icynene Corp. has adequately alleged a property interest in the monies it contends is owed, *Novacare, Inc.*, *supra*, is instructive. In that case, the parties had contracted for payment of plaintiff's therapy services at defendants' nursing care facilities. Alleging the defendants failed to make timely payments under their agreements, the plaintiff asserted a number of claims, including breach of contract and conversion. The court determined

4

that the underlying alleged payments owed were based solely on the payments agreed to in the contract, and not some independent property interest.

In so holding, the court distinguished the case from another. In the other case, the plaintiff entered into a consignment agreement with a dealer, for the sale of goods to third-party purchasers. Title to the goods did not pass until the time of sale; thus, title remained with the consignor until it passed to the ultimate purchaser at the point of sale. *NovaCare, Inc.*, 1998 WL 470142, at *3 (citing *Schonberger*, 530 A.2d 112 (Pa. Super. 1987)). The court in *NovaCare, Inc.* explained that when the consignee sold the consignor's "goods, and refused to remit proceeds of the sales, he directly converted [the consignor's] titled property interest in the goods to his own use. In contrast, NovaCare's only interest in payment for its therapy services is that specifically granted by the [contractual a]greements." *Id.*

Here, Icynene Corp.'s allegations do not raise an inference of a cognizable property interest in the monies allegedly due; that is, one stemming from some interest outside the scope of the right to payment created by the parties' contract. The underlying agreement between the parties expressly states that "[t]itle to and risk for the Products delivered shall pass to the Dealer on delivery of the Products to the Dealer at the location described in Section 4.1 of this Agreement (the "Location") or such other location(s) as may be agreed upon." Section 2.2 of Icynene Corp. Dealer Supply Agreement, Compl., Ex. A. Icynene Corp. also alleges in the complaint that it delivered all of the products at issue in this litigation to Next Generation, and that "Next Generation's failure and refusal to pay Icynene for the [p]roducts it ordered and which were delivered to it is a breach and/or default under the Dealer Supply Agreement." Compl. at ¶¶ 13, 17. Icynene Corp. argues that according to its statement of account, Next Generation owes Icynene Corp. $113,530.32 for products that were ordered and delivered, and that Next Generation's failure

5

to pay is in default of the agreement between the parties. *Id.* at ¶¶ 19, 21. Quite simply, any monies demanded pursuant to the conversion claim solely are the subject of the contractual agreement Icynene Corp. had with Next Generation, and as a matter of law, cannot constitute the requisite property interest.

Icynene Corp's reliance on *SunDance Rehabilitation Corp.*, *supra*, is misplaced. In *Sundance Rehabilitation Corp.*, the plaintiff alleged breach of contract, quantum meruit, and unjust enrichment claims arguing that the defendants purportedly failed to pay for therapeutic services provided at certain assisted living and nursing facilities. 2014 WL 12648453, at *1. The plaintiff had entered contracts with these facilities to render therapy services. While the agreements discussed the concept of the plaintiff receiving payment for the services, the plaintiff alleged that the defendants billed services to Medicare and Medicaid, for which the plaintiff was never reimbursed. Under these allegations, the court concluded it could not determine that the conversion claim was but a claim for the failure to pay a contractual debt. *Id.* at *11.

For the reasons that do not present themselves here, *SunDance Rehabilitation Corp.* does not support Icynene Corp.'s position because the *Sundance* plaintiff had adequately alleged an independent ownership interest in Medicaid and Medicare reimbursement payments outside of the context of its contractual agreements. Nowhere in its pleadings does Icynene Corp. aver that it is owed monies on some basis other than an alleged fiduciary interest formed by the parties' supply agreement. Consequently, the conversion claim must fail, and Mr. Slack is dismissed from this case.[5]

---

[5] For this reason, the Court need not reach the question of whether the gist of the action doctrine bars the claim. *See Jones v. ABN AMRO Mortg. Group. Inc.*, 606 F.3d 119, 123 (3d Cir. 2010) (citation omitted) (noting that the gist of the action doctrine "precludes plaintiffs from recasting ordinary breach of contract claims into tort claims.")

## II. The Account Stated Claim

Next Generation contends that the account stated claim also must be dismissed because that claim requires an express or implied agreement such that the alleged debtor owes the amount set forth in the account. Next Generation argues that there is no such agreement here. Icynene Corp. responds that there is a factual dispute remaining as to the account stated, thus making dismissal at this stage of the proceedings improper.

"'An account stated is an account in writing, examined, and expressly or impliedly accepted by both parties thereto.' An allegation that a [d]efendant 'never contested its bills is not sufficient to show acquiescence in the correctness of the account.'" *Line Sys., Inc. v. Sprint Nextel Corp.,* No. 11–6527, 2012 WL 3024015 (E.D. Pa. July 24, 2012) (quoting *Braverman Kaskey, P.C. v. Toidze,* No. 09–3470, 2011 WL 4851069, at *4 (E.D. Pa. Oct. 12, 2011) (internal quotations omitted)).

In support of its claim, Icyene Corp. avers "an account stated [h]as been established by and among the parties[,]" and attaches evidence of such purported accounts to its complaint. It also avers that "there remains the sum of $113,530.32 due and owing by Next Generation on the account stated[;]" "[t]he account stated has been provided to Next Generation[;]" "Next Generation has accepted and agreed to the account stated of Icynene[;]" and it "has failed and refused to make payment on the account stated as agreed to by the parties." Compl. at ¶¶ 29-33.

Next Generation contends that counsel's demand letter seeking the amounted allegedly owed to Plaintiff does not serve as the requisite agreement for purposes of the claim. Icynene Corp. explains that the demand letter itself does not serve as the basis of its cause of action. The Court finds these allegations sufficient at this stage of the proceedings to give Next Generation the requisite notice of the account stated claim. The Court finds the existence of an express or implied

agreement is yet to be determined, though it is adequately alleged, and Icynene Corp. is entitled to try to substantiate its claim.[6]

## CONCLUSION

For the aforementioned reasons, the Court grants in part, denies in part, and moots in part the motion to dismiss. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[6] As to the unjust enrichment and quantum meruit claims, the parties' core disagreement involves Next Generation's alleged failure to stipulate to the validity of the underlying contract. The parties agree that these claims cannot be asserted in this case should Next Generation agree that the underlying contract agreement is valid. Indeed, Icynene Corp. states that should Next Generation agree that the contract exists, is valid, and governs the dispute, it will agree to enter into a stipulation dismissing these alternative causes of action. In its reply brief, Next Generation asserts it "hereby stipulates to the validity of the Icynene-Next Generation agreement as a contract." Reply Br., p. 4. Next Generation should reflect this in its answer to the complaint. In the meantime, the Court will moot the motion with respect to these claims.